**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 22, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10906
Summary Calendar

_____

MUQTASID A. QADIR

                                        Plaintiff-Appellant,

   v.

GARY L. JOHNSON, Sued in his individual and
official capacity, ET AL.,

                                        Defendants,

ROBERT EASON, Individual and official capacity; GARY L. COOK,
Individual and official capacity, also known as Cary Cook;
GREGORY OLIVER, Individual and official capacity, also know as
G. Oliver; RICHARD THOMAS, Individual and official capacity;
TERRI CANTRELL, Individual and official capacity; D.F. FONDREN,
Individual and official capacity; EMILY DOAN, Individual and
official capacity; GAYLN COFFMAN, Individual and official
capacity; DAVID SCOTT, also known as D. Scott; BONNIE YOUNG,
CAROLYN HAVENS, also known as NFN Havens; BOB PREWITT, also know
as R. Prewitt; TOMMY SOUTHARD, also known as T. Southard,

                                        Defendants-Appellees.


_____

MUQTASID A. QADIR,                    Plaintiff-Appellant,

   v.

GARY L. JOHNSON; ET AL.,

                                        Defendants,

R. EASON, Warden; C. COOK, Warden; FNU AVANTS, Captain,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 1:01-CV-167 c/w 1:01-CV-186
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Muqtasid A. Qadir, Texas prisoner #743563, appeals the dismissal of his pro se, in forma pauperis (IFP) 42 U.S.C. § 1983 complaint. In his complaint, he raised claims of failure to protect, retaliation, deliberate indifference, and flawed disciplinary proceedings.

We note as an initial matter that Qadir does not argue that the district court erred in finding that his challenge to his disciplinary proceedings was barred by Heck v. Humphrey, 512 U.S. 477 (1994). Thus, we deem this issue to be abandoned. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Qadir's claims that he was denied medical treatment and that the defendants failed to protect him from other inmates fail because he has not shown that the defendants acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Qadir's claims of retaliation fail to set forth a chronology of events from which retaliation may plausibly be inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's dismissal as frivolous of Qadir's 42 U.S.C. § 1983 complaint counts as one strike for the purposes of 28 U.S.C. § 1915(g). Qadir is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; STRIKE WARNING ISSUED.